IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:24-CR-213 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JENNIFER DOWDELL ARMSTRONG |
| ERIC POWELL, | ) | |
| | ) | |
| Defendant. | ) | **ORDER** |
| | ) | |

### I. INTRODUCTION

Now pending is Defendant Eric Powell's ("Mr. Powell") Motion to Reconsider Detention Order ("Motion," ECF No. 9). U.S. District Court Judge Christopher A. Boyko referred the Motion to me for disposition on October 3, 2024. On October 7, 2024, I conducted a motion hearing. For the following reasons, Mr. Powell's Motion is DENIED to the extent it is brought under 18 U.S.C.§ 3142(f). To the extent that the Motion seeks temporary release for compelling reasons pursuant to 18 U.S.C.§ 3142(i), however, an evidentiary hearing is set on October 22, 2024, at 1:00 p.m. in Courtroom 9B.

### II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

A detention hearing occurred on this matter on May 20, 2024. On May 22, 2024, I issued an Order of Temporary Detention Pending Trial (ECF No. 9) based on my finding that Mr. Powell failed to rebut the presumption that he is a danger to the community. And even if he had done so, I concluded that the Government met its burden of persuasion by demonstrating with clear and

convincing evidence that Mr. Powell is a danger to the community or others because: (1) Mr. Powell is charged with selling significant amounts of fentanyl and cocaine to a confidential informant on at least five occasions over a six-month period, and numerous courts have recognized that fentanyl is an exceptionally dangerous drug; and (2) on April 29, 2024, Mr. Powell pled guilty to drug trafficking in the Cuyahoga Court of Common Pleas and was sentenced to community control, but a mere two days later he allegedly violated the state conditions of release by selling fentanyl and cocaine to a confidential informant on May 1, 2024. (*Id.*)

Finally, I declined to accept the recommendation of Pretrial Services that Mr. Powell be released on bond based on my finding that there are no conditions or combinations of conditions that would reasonably assure the safety of the community because: (1) Mr. Powell failed to comply with the community control conditions imposed at his sentencing on April 29, 2024 – as evidenced by the fact that he allegedly sold fentanyl and cocaine to a confidential information two days later – and there is no reason to believe things will be different now; and (2) the Government alleges that Mr. Powell used a cell phone to transact the controlled buys in this case, and courts have recognized that limiting cell phone use is impractical or impossible.

### III.   MR. POWELL'S MOTION

Mr. Powell filed his Motion on October 3, 2024. (ECF No. 23.) The Motion requests that this Court enter an order "which vacates the detention order and permits [Mr. Powell] to be released on home detention." (*Id.*) Mr. Powell maintains that such relief is necessary because he was stabbed 14 times while in custody of Northeast Correctional by three other inmates; he is experiencing pain and is not getting the proper medical treatment; and he is unable to protect himself while incarcerated due to his injuries. (*Id.*)

IV.    MOTION HEARING

A motion hearing was held on October 7, 2024. As a threshold matter, I asked Mr. Powell's counsel whether the basis for the Motion was 18 U.S.C.§ 3142(f), 18 U.S.C.§ 3142(i), or both. Under 18 U.S.C. § 3142(f), reconsideration of a defendant's detention order may be granted only on new information "that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." And 18 U.S.C. § 3142(i) permits "temporary release" if "such release is necessary for preparation of the person's defense *or for another compelling reason*." (emphasis added).

Mr. Powell's counsel responded that the Motion was brought pursuant to both 18 U.S.C. § 3142(f) and under the "compelling reason" provision of 18 U.S.C.§ 3142(i). I will discuss each argument below in turn.

A. **18 U.S.C. § 3142(f )**

The primary new information that Mr. Powell presented at the hearing in support of the Motion was an attorney proffer that Mr. Powell was stabbed 14 times while in custody, is not receiving medical care, and is unable to protect himself due to his injuries. In my initial detention order, I determined that no condition or combination of conditions – including home detention and GPS monitoring – could reasonably assure the safety of the community because: (1) Mr. Powell was non-compliant with state community control conditions, as evidenced by the fact that he allegedly sold fentanyl and cocaine two days after his state sentencing; and (2) Mr. Powell allegedly used a cell phone to conduct drug trafficking activities, and courts have recognized that limiting cell phone use is impractical or impossible.

While, as discussed below, I have significant concerns regarding Mr. Powell's medical treatment and care, with respect to 18 U.S.C. § 3142(f) "nothing has changed with respect to any of the original reasons for [Mr. Powell's] detention," and he has "presented no new arguments or factual assertions to address" the underlying rationale for detention, *i.e.,* his non-compliance with state court orders and his use of a cell phone to engage in drug trafficking. *United States v. Shelton,* No. 3:19-cr-14, 2020 WL 1815941, at *5 (W.D. Ky. April 9, 2020) (denying motion for reconsideration of detention order).  Stated differently, Mr. Powell does not proffer any different information that has a "material bearing" on the danger to the community factor in the Bail Reform Act. *Id.*  Accordingly, the rationale for the initial detention order remains "just as valid and conclusive," *id.,* and the Motion to the extent it is brought pursuant to 18 U.S.C. § 3142(f) is denied.

**B.**     **18 U.S.C.§ 3142(i)**

Mr. Powell's Motion pursuant to 18 U.S.C. § 3142(i) – which states that a court may permit "temporary release" if such release is necessary "for another compelling reason" – is a much closer call.  Mr. Powell seeks relief under this provision based upon his attorney's proffer that Mr. Powell was stabbed 14 times in prison, is not receiving appropriate medical care, and is unable to protect himself due to his injuries.

The Sixth Circuit has recognized that "the defendant has the burden of establishing circumstances warranting temporary release pursuant to § 3142(i)." *United States v. Bothra,* 2020 WL 2611545, at *2 (6th Cir. May 21, 2020) (citing *Shelton*, 2020 WL 1815941, at *3; *United States v. Smoot*, No. 2:19-CR-20, 2020 WL 1501810, at *2 (S.D. Ohio Mar. 30, 2020)).  And "the release must be 'temporary,' no longer than needed to … resolve the other 'compelling' circumstances.'" *Bothra,* 2020 WL 2611545, at *2 (citing *Shelton,* 2020 WL 1815941, at *3).

Courts have recognized that "[t]here is limited authority addressing what constitutes a compelling reason" under 18 U.S.C. 3142(i). *Bathra,* 2020 WL 2611545, at *2. "Prior to the COVID-19 pandemic, courts granted relief under this provision only 'sparingly to permit a defendant's release where, for example, he is suffering from a terminal illness or serious injuries." *Id.* (citing *United States v. Hamilton*, No. 19-CR-54-01, 2020 WL 1323036, at *2 (E.D.N.Y. Mar. 20, 2020)); *see also United States v. Scarpa,* 815 F. Supp. 88 (E.D.N.Y. 1993) (permitting the defendant to be released under the 24-hour guard of the United States Marshal Service at his own expense because the defendant had sustained a gunshot wound that destroyed his left eye and surrounding area of his face and skull, he would "shortly die" from terminal AIDS, and correctional authorities could no longer manage his medical conditions).

At least one court in this circuit has indicated that even serious medical conditions do not necessarily qualify as grounds for temporary release under Section 3142(i). In *United States v. Parton, No.* 3:21-CR-107-KAC-DCP, 2023 WL 2951540, at *2 (E.D. Tenn. April 7, 2023), the defendant requested temporary release pursuant to 18 U.S.C. § 3142(i) to recover from surgery placing a stoma and colostomy bag in the defendant's body. The court in *Parton* denied the request based on its finding in part that "Defendant has received needed medical care and assistance with his colostomy bag while in custody," "the Marshal's Service has overseen Defendant's medical care since he was taken into custody," and "Defendant did not raise any problems with his medical care." *Id.*

Unlike the defendant in *Parton*, however, Mr. Powell's attorney proffered at the motion hearing that Mr. Powell is *not* receiving necessary and appropriate medical care to treat his injuries while in custody, and that he is unable to protect himself while incarcerated due to these injuries. While no documentation or testimony was provided at the motion hearing in support of Mr.

Powell's claims, the Government did not challenge or rebut these assertions. Thus, it is conceivable—though not certain based on the information presented to me—that Mr. Powell may be able to establish circumstances warranting temporary release pursuant to 18 U.S.C. § 3142(i).

The Court instructs the United States Marshal to coordinate with Northeast Ohio Correctional to ensure that Mr. Powell is receiving appropriate medical care and that adequate measures are in place to protect Mr. Powell from the individuals that allegedly stabbed him. Because the Court requires more information to determine whether Mr. Powell meets the high burden of establishing compelling reasons for temporary release under 18 U.S.C.§ 3142(i), an evidentiary hearing is set for October 22, 2024, at 1:00 p.m.

## V. <u>CONCLUSION</u>

For the foregoing reasons, Mr. Powell's Motion for Reconsideration brought pursuant to 18 U.S.C. § 3142(f) is DENIED. The Court instructs the United States Marshal to coordinate with Northeast Ohio Correctional to ensure that Mr. Powell is receiving appropriate medical care and that adequate measures are in place to protect Mr. Powell from harm. Because the Court requires more information to determine whether Mr. Powell meets the high burden of establishing compelling reasons for temporary release under 18 U.S.C. § 3142(i), an evidentiary hearing is set for October 22, 2024, at 1:00 p.m.

**IT IS SO ORDERED**.

Dated: October 11, 2024                                    s/ Jennifer Dowdell Armstrong  
                                                                                           Jennifer Dowdell Armstrong  
                                                                                           United States Magistrate Judge