IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:24-CR-213 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| ERIC POWELL, | ) | RESPONSE IN OPPOSITION TO |
| | ) | DEFENDANT'S SUPPLEMENTAL |
| Defendant. | ) | AUTHORITY AND FACTUAL ADDENDUM IN FURTHER SUPPORT OF DEFENDANT'S RULE 34 AND 12(B)(1) MOTION TO ARREST JUDGMENT |

Now comes the United States, by and through undersigned counsel, David M. Toepfer, United States Attorney, and Elizabeth M. Crook, Assistant United States Attorney, and files its response in opposition to Defendant's "Supplemental Authority and Factual Addendum in Further Support of Defendant's Rule 34 and 12(b)(1) Motion to Arrest Judgment" (Doc. 155: Motion, PageID 1409-1412)  This Court should deny Defendant's renewed Motion under Rule 34 to arrest judgment and to dismiss on the basis of lack of jurisdiction under 12(b)(1).  In this Motion, Powell argues that Congress lacked the authority to criminalize Powell's drug trafficking activity and that this court should dismiss his case prior to sentencing.  (*Id.*, PageID 1410). He also makes arguments that there was insufficient evidence to convict him of a federal offense.

On July 14, 2025, Powell filed a notice of appeal of his conviction, which the Sixth Circuit acknowledged.  (R. 142: Notice of Appeal).  "The filing of a notice of appeal is an event of jurisdictional significance" that "confers jurisdiction on the court of appeals[.]" *Griggs v.*

*Provident Consumer Discount Co.*, 459 U.S. 56, 58, (1982).  It is "generally understood that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously," and filing an appeal "divests the district court of its control over those aspects of the case involved in the appeal." *Id*.  The district court, however, "retains jurisdiction to enforce its judgment," *City of Cookeville v. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380, 394 (6th Cir. 2007), to proceed with matters that will aid the appellate process, *Cochran v. Birkel*, 651 F.2d 1219, 1221 (6th Cir.1981), and to adjudicate matters unrelated to the issues on appeal, *Weaver v. Univ. of Cincinnati*, 970 F.2d 1523, 1528 (6th Cir.1992).  The Sixth Circuit subsequently denied Powell's appeal for lack of jurisdiction.  Powell now files a renewed motion to arrest judgment and dismiss the Superseding Indictment.  But a jury has already found Powell guilty and this case is properly before the Court for the purposes of sentencing, which is set to take place on October 15, 2025.

      Powell's remaining arguments are just challenges to the sufficiency of the evidence and claims the Government had "destruction of evidence had undermined a fair trial."  The United States provided Powell and his counsel with a copy of the documents reflecting that the 13 grams of fentanyl was no longer in the possession of the City of Euclid prior to trial via email as well as a printed copy of the documentation. The United States also dismissed the 13 grams of fentanyl charged in Count 2 of the Superseding Indictment.[1]  Thus, Powell had sufficient notice based on the dismissal and documentation provided to Powell and his standby Counsel. Thus, Powell's evidentiary arguments based on a "fair trial rights" should be denied.

---

[1] As for Powell's remaining claims regarding "surveillance footage, chain of custody documentation, and investigatory logs" discovery was provided to defendant on several occasions before and after his status as a pro se Defendant.  Defendant himself confirmed receipt of discovery prior to trial during this Court's pretrial conference held on June 9, 2025.

More importantly, Powell's renewed motion is not timely.  Rule 34 motions to arrest judgment must be filed with 14 days of the *verdict*, not the *judgment.  See* Rule 37(b).  Powell's motion was, therefore, due on July 22, 2025.  Powell's status as a *pro se* defendant does not justify extending the deadline – especially considering the fact Defendant had already moved to arrest the judgment on the record after the jury returned its verdict.   On July 8, 2025, Powell moved to arrest judgment after the verdict on the record based on lack of federal jurisdiction and the Court denied Powell's Motion. This information alone shows Powell was aware of the rule and should not invoke the protection of pro se status to get a second bite at the apple.

Powell's Motion also cites to several articles under the United States Constitution.  Powell's motion does not challenge the district court's jurisdiction over the offense, but rather, Congress's authority to make his actions criminal. "No valid federal question or nexus under Article I or statutory authority supports the prosecution of wholly intrastate conduct in Euclid, Ohio."  The federal government has jurisdiction to charge Powell with violations of the Controlled Substances Act and its constitutionality has been repeatedly upheld by the Supreme Court as well as the Sixth Circuit.  These arguments are insufficient to dismiss the guilty verdict against Powell.  The government is not required to present "a state cession or congressional acceptance of jurisdiction over Cuyahoga County, Euclid, or Cleveland, Ohio" to charge Powell with CSA violations.  (R. 159, Motion, PageID 1410-1411).  As for the remaining two articles of the Constitution cited by Powell – Article I, 8, cl. 18 and cl. 2, these also do not serve as a basis to "arrest judgment" because there was testimony in the record that showed ties to out of state sources of supply.  TFO Alcantara testified to the interstate connections to a possible supplier.  Government introduced text messages sent from Powell to the confidential source regarding a Texas source of supply.  Even setting this testimony aside, the Sixth Circuit has already held that

3

the application of Controlled Substances Act is a constitutional exercise of federal power.  *See, United States v. Brown,* 276 F.3d 211, 216 (6th Cir. 2002).

Moreover, under 18 U.S.C. § 3231, federal courts have authority over all offenses against the law of the United States.  *United States v. Al-Maliki*, 787 F.3d 784, 791 (6th Cir. 2015).   Other Circuits have held the Controlled Substances Act is constitutional and that the findings "Congress made in enacting the Controlled Substances Act, 21 U.S.C. § 801(2)-(6), demonstrate that local manufacture and distribution of controlled substances substantially affect interstate traffic in those substances, [internal citation omitted]. Unlike the statute at issue in *Lopez* which lacked such findings, [internal citation omitted] the Controlled Substances Act is a valid exercise of Congressional power under the commerce clause. *United States v. Davis*, 288 F.3d 359, 362 (8th Cir. 2002).  Applying the law here, Powell's distribution to a confidential informant on video tape on several occasions along with engaging in a conspiracy to distribute controlled substances clearly constitutes local distribution that would substantially affect interstate traffic.  And since Powell's case falls squarely within the conduct that substantially affects interstate trafficking of drugs that Congress had sought to prohibit, this Court should deny Powell's untimely motion.

        Respectfully submitted,

        DAVID M. TOEPFER
        United States Attorney

By:   /s/ Elizabeth Crook
        Elizabeth Crook (OH: 0088709)
        Assistant United States Attorney
        United States Court House
        801 West Superior Avenue, Suite 400
        Cleveland, OH 44113
        (216) 622-3825
        (216) 522-7499 (facsimile)
        Elizabeth.Crook@usdoj.gov

## CERTIFICATE OF SERVICE

 I hereby certify that on this October 7, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties through this Court's electronic filing system. A copy will be sent by U.S. mail to Eric Powell at Northeast Ohio Correctional Center, 2240 Hubbard Road, Youngstown, Ohio 44505. Parties may access this filing through the Court's system.

               /s/ Elizabeth M. Crook
               Elizabeth M. Crook
               Assistant United States Attorney